UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMIYAH HALE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FAHRENHEIT CLEVELAND LLC | ) |
| | )  **JURY DEMAND** |
| Defendant. | )  **ENDORSED HEREON** |

**COLLECTIVE ACTION COMPLAINT
FOR UNPAID MINIMUM WAGES**

Plaintiff Amiyah Hale ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows for her Complaint against Defendant Fahrenheit Cleveland LLC ("Defendant"):

1. Plaintiff worked for Defendant within the last two years as a server, and her rate of pay was the Ohio tipped minimum wage rate.

2. Defendant is an Ohio limited liability company, which does business in Cuyahoga County, Ohio.

3. Defendant's revenues exceeded $500,000 per year during Plaintiff's employment with Defendant.

4. Defendant is an enterprise engaging in interstate commerce.

5. Defendant was the employer of Plaintiff and similarly situated employees.

6. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint.

7. This Court has personal jurisdiction over the parties to this action.

8. Venue is proper in the Northern District of Ohio because Defendant conducted activity that gives rise to the claim for relief in this district and because part of the claim for relief arose in this district.

9. Plaintiff consents to become a party plaintiff in this action and has attached her written consent hereto as Exhibit A.

10. In early 2024, Defendant paid Plaintiff and similarly situated employees the 2023 Ohio tipped minimum wage rate instead of the 2024 Ohio tipped minimum wage rate.

11. In violation of 29 CFR 531.56(f), Defendant only paid Plaintiff and similarly situated employees the tipped minimum wage, instead of the full minimum wage, to perform numerous duties that are not typically performed by a server, such as washing dishes, cleaning dish area, taking down extra lights, cleaning the bathroom, organizing and cleaning the pantry,

12. In violation of 29 CFR 531.56(f), Defendant only paid Plaintiff and similarly situated employees the tipped minimum wage, instead of the full minimum wage, to perform directly supporting server work in excess of a continuous 30 minutes or 20% of the hours worked for the week.

13. Plaintiff and other current and former hourly wage employees of Defendant are similarly situated, because they were subjected to Defendant's common practice and policies of (a) paying the 2023 Ohio tipped minimum wage rate instead of the 2024 Ohio tipped minimum wage rate during the beginning of 2024, (b) only paying the tipped minimum wage rate for work not typically performed by servers, or (c) only paying the tipped minimum wage rate for directly supporting tipped employee work in excess of a continuous 30 minutes or 20% of the hours worked for the week.

14. Plaintiff has hired the undersigned counsel and have agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

## COUNT I
## UNPAID MINIMUM WAGE

15. Plaintiff and similarly situated employees re-allege each allegation set forth in paragraphs 1-14 above.

16. Defendant is required to comply with minimum wage requirements set forth in the Ohio Constitution, the Ohio Revised Code, and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

17. Defendant has violated Section 34a, Article II of the Ohio Constitution, Ohio Revised Code Section 4111.14, and the Fair Labor Standards Act by not paying Plaintiff and similarly situated employees at least minimum wage for all hours worked.

18. Plaintiff and similarly situated employees have been damaged by Defendant's non-payment of minimum wages.

19. Because of Defendant's minimum wage violations, Plaintiff and similarly situated employees are entitled to the Ohio minimum wage rate, instead of the Ohio tipped minimum wage rate, for all hours worked for Defendant.

20. In addition to being entitled to unpaid back wages, Plaintiff and similarly situated employees are also entitled to an additional two times back wages as liquidated damages under the Ohio Revised Code or, in the alternative, liquidated damages under the Fair Labor Standards Act.

21. Defendant's conduct with regard to not paying minimum wages to Plaintiff and similarly situated employees was willful.

22. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff and similarly situated employees pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

WHEREFORE, Plaintiff and similarly situated employees demand judgment against Defendant for their unpaid minimum wages, liquidated damages, treble damages, post-judgment interest, interest on unpaid wages pursuant to Ohio Revised Code 4113.15, attorney's fees and costs, and all other relief to which they are entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Stephan I. Voudris
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)

*Counsel for Plaintiff*